UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA SAGER,<br><br>                                    Plaintiff,<br><br>v.<br><br>SPROUTS FARMER'S MARKET, INC.,<br><br>                                    Defendant. | Case No.:  3:25-cv-03015-JES-MSB<br><br>**ORDER:**<br><br>**(1) DISCHARGING ORDER TO SHOW CAUSE;**<br><br>**(2) GRANTING DEFENDANT'S MOTION TO DISMISS;**<br><br>**(3) DENYING DEFENDANT'S MOTION TO STRIKE; and**<br><br>**(4) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF Nos. 6, 7, 12]** |

//

//

//

//

//

1

Before the Court is Defendant Sprouts Farmer's Market, Inc.'s ("Defendant") Motion to Strike and Motion to Dismiss. ECF Nos. 6, 7. On November 14, 2025, the Court set a hearing on the motions for December 12, 2025, and mailed notice to Plaintiff Angela Sager ("Plaintiff"). ECF No. 8. On December 8, 2025, the notice was returned as undeliverable. ECF No. 13. On January 22, 2026, the Court issued an order to show cause ("OSC") to Plaintiff for not keeping her address current with the Court. ECF No. 15. After due consideration and for the reasons discussed below, the OSC is **DISCHARGED**, the motion to dismiss is **GRANTED with leave to amend**, the motion to strike is **DENIED as moot**, and the motion to proceed *in forma pauperis* ("IFP") is **DENIED as moot.**

## I.    BACKGROUND

### A. Procedural Background

On July 25, 2025, Plaintiff filed a complaint in the San Diego Superior Court alleging causes of action for premises liability, negligence, and punitive damages. *See generally* ECF No. 1-5 ("Compl."). On November 6, 2025, Defendant removed this matter from the San Diego Superior Court. *See generally* ECF No. 1. On November 13, 2025, Defendant filed a motion to strike and motion to dismiss. ECF Nos. 6, 7. A hearing on the motion was set for December 12, 2025. ECF No. 8. Any opposition to the motions was to be filed by November 28, 2025. *See* S.D. Cal. CivLR 7.1(e)(2). Plaintiff failed to file a timely opposition, and on December 5, 2025, Defendant filed a notice of non-opposition stating that Plaintiff had missed her deadline of November 28, 2025, to oppose its motion to strike and motion to dismiss. ECF No. 10. Plaintiff then filed an opposition on December 8, 2025. ECF No. 11. On December 8, 2025, Plaintiff also filed an IFP motion. ECF No. 12. That same day, the Court's notice of the December 12, 2025, hearing mailed to Plaintiff was returned to the Court as undeliverable. ECF No. 13. On December 11, 2025, the Court vacated the December 12, 2025, hearing. ECF No. 14.

On January 22, 2026, the Court issued an OSC to Plaintiff for not keeping her address current with the Court. ECF No. 15. On February 3, 2026, Plaintiff responded to the OSC and within her response, she argued against the motion to dismiss and motion to

3:25-cv-03015-JES-MSB

strike. ECF No. 16. On February 13, 2026, the Court reset the hearing on the motions to March 6, 2026. ECF No. 17. On February 27, 2026, Defendant filed a notice of non-opposition since Plaintiff did not timely file an opposition. ECF No. 18. On March 6, 2026, Plaintiff filed a briefing that she titled as "Plaintiff's Response to Order to Show Cause," but the briefing was actually a response to the motion to strike and motion to dismiss. ECF No. 19.

**B. Factual Background**

On August 6, 2023, Plaintiff alleges that she was shopping at Sprouts Farmer's Market when a 16 ounce can of goat milk fell from a negligently stacked shelf and hit her on the head. Compl. ¶¶ 5-6. Plaintiff alleges that the cans were heavy and of various sizes, and stacked on top of other cans, making it look like one tall can. *Id.* ¶¶ 8-9. Plaintiff says she picked up a can from the bottom, thinking it was one tall can, and the top can fell and hit her on the nose and face, causing her injuries. *Id.* ¶ 10.

Plaintiff alleges that she momentarily blacked out following the can falling on her and then felt dizzy and was transported to the hospital in an ambulance. *Id.* ¶ 11. Plaintiff states that she was diagnosed with a concussion and treated for nausea, dizziness, and pain. *Id.* ¶ 12. She states that she suffered from a visible scar and bruise on her nose, as well as pain, mental distress, and long-term health damages including dizziness and partial loss of balance while walking and standing due to the concussion. *Id.* ¶ 13.

Plaintiff alleges that Defendant owed a duty to its customers to maintain a safe environment, and that it breached that duty by negligently stacking merchandise high up, on an unstable shelf, with heavy cans on top. *Id.* ¶¶ 14-16. Plaintiff alleges that Defendant knew or should have known that this stacking method created a risk of injury to customers. *Id.* ¶ 16.

//
//
//
//

## II.    LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to

3:25-cv-03015-JES-MSB

amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

**B. Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". Fed. R. Civ. P. 12(f). As with other challenges to a party's pleading, "[w]hen ruling on a motion to strike, th[e] Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Novick v. UNUM Life Ins. Co. of Am.*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting *RDF Media Ltd v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)). When a Court strikes matter from a pleading, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given" *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979). "Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001))

### III.    LEGAL ANALYSIS

**A. Discharge of OSC**

On November 13, 2025, Defendant filed their motion to strike and motion to dismiss (ECF Nos. 6, 7), but the filings did not have a hearing date on the motions. Civil local rules require all motions list the hearing date and time in the caption of the motion. S.D. Cal. CivLR 7.1(f)(1). Defendants did not list such hearing date or time in the caption of their motions. *See generally* ECF Nos. 6,7. Notwithstanding that, on November 14, 2025, the Court set a hearing on the motions for December 12, 2025, and mailed notice to Plaintiff.

ECF No. 8. Plaintiff failed to file an opposition by November 28, 2025, the date in which any opposition was due. *See* S.D. Cal. CivLR 7.1(e)(2). On December 5, 2025, Defendant filed a notice of non-opposition stating that Plaintiff had missed her deadline of November 28, 2025, to oppose its motion to strike and motion to dismiss. ECF No. 10. On December 8, 2025, Plaintiff filed an opposition to the motions. ECF No. 11. That same day, the Court's notice of the December 12, 2025, hearing mailed to Plaintiff was returned to the Court as undeliverable. ECF No. 13. On December 11, 2025, the Court vacated the December 12, 2025, hearing. ECF No. 14. On January 22, 2026, the Court issued an OSC to Plaintiff for failing to comply with local rules by keeping her address up to date pursuant to S.D. Cal. CivLR 7.1(e)(2). ECF No. 15.

On February 3, 2026, Plaintiff responded that her address should be deliverable as entered into the system but could not explain why previous mailings were returned to the Court. ECF No. 16. Future mailings appear to have been delivered to that address since. Defendant filed a further notice of non-opposition, asserting: (1) that Plaintiff did not properly explain the issue regarding her mailing address and failed to meet and confer with them; (2) that no opposition to its motion had been filed and that; (3) should the Court consider Plaintiff's late filing an opposition, it would prejudice Defendant because they were unable to reply to the opposition. *See generally* ECF No. 18. The notice then goes on to substantively refute the opposition. *Id.* at 3-5. Noncompliance with local rules may be grounds for the imposition by the Court of any and all sanctions. S.D. Cal. CivLR 83.1(a).

While *pro se* plaintiffs are afforded special considerations, they are still "expected to abide by the rules of the court in which [they] litigate[]." *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). While Plaintiff did respond to the Court's OSC regarding her address, she did not explain why her mail was returned as undeliverable, attributing it to a post-office error. ECF No. 16 at 1. Defendant is correct that Plaintiff filed her opposition late without excuse, however this has not prejudiced Defendant's ability to respond, as they did in their notice of non-opposition. *See* ECF No. 18 at 3-5. Regardless, filing an opposition late without excuse or justification is a significant procedural error and

is ordinarily grounds for the Court to strike the opposition for failure to comply with the local rules. However, the Court declines to strike Defendant's motion to strike and motion to dismiss and Plaintiff's opposition for failure to comply with local rules. The Court will therefore consider Plaintiff's opposition filed on December 8, 2025. The Court cautions both parties that any future failures to comply with local rules or late filings will be stricken and will not be considered by the Court.

## B. Motion to Proceed IFP

On December 8, 2025, Plaintiff filed a motion to proceed IFP. ECF No. 12. Plaintiff did not fully fill out the IFP motion but alleges she has no savings and makes $1,100 per month from disability and has a 2004 Ford Explorer which is worth $800. *See id.* Considering Defendant paid the filing fee at removal, the Court's **DENIES** Plaintiff's IFP motion without prejudice. In the future, if Plaintiff files a motion to proceed IFP, she must fill out all sections honestly and completely.

## C. The Complaint Fails to State a Claim for Premises Liability and Negligence

Defendant argues that Plaintiff's claims for premises liability and general negligence are duplicative, and that all of Plaintiff's allegations are insufficiently pled. ECF No. 7-1 at 4-9. Plaintiff argues that she has pled sufficient facts to show her claims. ECF No. 11 at 3.

Plaintiff pleads two claims that have the same elements and are based upon the same facts, so the Court evaluates them together. *See* Compl. ¶¶ 18-25. Under California law, to state a claim for premises liability or negligence, a plaintiff must allege facts establishing: (1) the defendant owed a duty of care; (2) the defendant breached that duty; (3) the breach was the proximate legal cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Bean v. Costco Wholesale Corp.*, 561 F. Supp. 3d 915, 920 (E.D. Cal. 2021). Plaintiffs injured in stores must additionally show "the owner's actual or constructive knowledge of the dangerous condition." *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1206-07 (2001). Notice must be such that the owner had time to correct it. *Louie v. Hagstrom's Food Stores*, 81 Cal. App. 2d 601, 607 (1947).

3:25-cv-03015-JES-MSB

Defendant argues that Plaintiff does not allege knowledge. "Knowledge may be shown by circumstantial evidence which is nothing more than one or more inferences which may be said to arise reasonably from a series of proven facts." *Ortega*, 26 Cal. 4th at 1206-07 (internal quotations and citations omitted). Here, Plaintiff alleges that Defendant knew of improperly secured or displayed canned goods, and that the conduct in question was ratified by or the result of policies or decisions made by leadership. Compl. ¶¶ 28-29. Plaintiff alleges that the stacking method itself also provided notice. *Id.* ¶ 16. Plaintiff's factual allegations fall short of the plausibility standard as they are conclusory. Plaintiff does not allege how Defendants knew of the improperly secured or displayed canned goods. Nor does Plaintiff allege how the practice was obviously dangerous, or any other facts showing that her alleged injuries were the result of more than an errant bad stacker. Thus, the Court **GRANTS** the motion to dismiss both causes of action with leave to amend.

Since the Court is allowing Plaintiff an opportunity to address the deficiencies in her complaint, the Court will also address Defendant's argument that premises liability and negligence are duplicative causes of action. ECF No. 7-1 at 2, 7. The California Supreme Court has explained that "[a]s to any given defendant, only one standard of care obtains under a particular set of facts, even if the plaintiff attempts to articulate multiple or alternate theories of liability." *Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 8 Cal. 4th 992, 998 (1994). However, in federal court, duplicative claims are not subject to dismissal just on that basis at the motion to dismiss stage. *See Doe v. T-Mobile USA, Inc.*, No. 4:23-CV-05166-SAB, 2024 WL 1705925, at *6 (E.D. Wash. Apr. 19, 2024). The Court agrees that the causes of action are duplicative, but at the motion to dismiss stage, that is an insufficient basis to dismiss the causes of action. *Id.*

**D. Motion to Strike**

Defendant argues that punitive damages should be stricken from the complaint because Plaintiff cannot show more than mere neglect on the facts pled. ECF No. 6-1 at 9. Further, Defendant argues that punitive damages cannot be a cause of action, but rather a

3:25-cv-03015-JES-MSB

remedy. ECF No. 7-1 at 8-9. Plaintiff argues that her allegations are sufficient because she has alleged malicious and conscious disregard of her rights. ECF No. 11 at 2.

"There is no cause of action for punitive damages. Punitive or exemplary damages are remedies available to a party who can plead and prove the facts and circumstances set forth in [California] Civil Code section 3294." *Hilliard v. A.H. Robins Co.*, 148 Cal. App. 3d 374, 391 (1983). "Punitive damages are merely incident to a cause of action and can never constitute the basis thereof." *Id.* (internal citations and quotation omitted); *see also McLaughlin v. National Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1163 (1994) ("In California there is no separate cause of action for punitive damages."). Thus, the Court **GRANTS** the motion to dismiss the third cause of action for punitive damages without leave to amend.

Since the Court dismisses the first and second causes of action for failing to properly allege a claim, the Court declines to address Defendant's argument regarding the sufficiency of Plaintiff's allegations to support a request for punitive damages. Thus, the motion to strike the prayer for relief for punitive damages from the complaint is **DENIED as moot.**

### IV.    CONCLUSION

For the reasons discussed above, the Court:

1. **DISCHARGES the OSC;**
2. **GRANTS** the motion dismiss all three causes of action alleged;
3. **DENIES AS MOOT** the motion to strike the prayer for relief for punitive damages; and
4. **DENIES AS MOOT** the motion to proceed IFP.

The Court gives Plaintiff leave to amend the Complaint to address the deficiencies highlighted above. In the event that Plaintiff elects to file an amended complaint, she must do so within **thirty (30) days** of this Order. Any amended complaint must be complete in itself, without reference to any prior complaints. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended

pleading supersedes the original.") The Court cautions Plaintiff that failure to file an amended complaint will result in dismissal of this case.

**IT IS SO ORDERED**.

Dated: May 26, 2026

Honorable James E. Simmons Jr.
United States District Judge

10